## 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

TOWN OF STRASBURG *v.* WINCHESTER & STRASBURG R. Co. & OTHERS.

June 17, 1897.

1. MANDAMUS—*Inability to enforce obedience—Case at bar—Receivers of court.*—A *mandamus* will not be awarded when the court is powerless to make it effectual.   In the case at bar the defendant would be financially unable to build the railroad if required.   Its railroad is in the hands of another company, which is in the hands of receivers of a Circuit Court of the United States, who are amenable only to the court of their appointment, and no traffic arrangements could be compelled with another independent road, and the writ would be wholly unavailing, if awarded.

Original application for a *mandamus*.

                                   *Refused.*

The opinion states the case.

*J. C. Baker*, *Walton & Walton* and *R. T. Scott*, for the petitioner.

*J. T. Bumgardner*, for the respondent.

RIELY, J., delivered the opinion of the court.

This is the case of a petition for the writ of *mandamus*.

The record discloses the fact that if the writ were awarded as prayed for, the court would be powerless to make it effectual, and this constitutes an insuperable objection to granting it.

"It is well settled as a fundamental principle in the law of *mandamus*," says an able text writer, "that courts will not grant this extraordinary remedy where to do so would be

fruitless and unavailing. If it appear that the writ would be ineffectual to accomplish the object in view, either from the want of power of the respondent to perform the act required, or on the part of the court granting the writ to compel its performance, the court will refuse to interfere. 2 Spelling on Extraordinary Relief, sec. 1377.

It appears from the record that the Winchester & Strasburg Railroad Company, on July 28, 1870, leased its railroad to the Baltimore & Ohio Railroad Company, that the road has ever since been operated under said lease and a renewal thereof by the latter company, and that the lease will not expire for a number of years. It further appears that more than a year since, in a proceeding instituted to that end, receivers were appointed by the Circuit Court of the United States for the District of Maryland of all the railroads and property, franchises, assets, credits, and effects of the Baltimore & Ohio Railroad Company, including all railroads leased or controlled by it, and that the said railroads were taken possession of by the receivers, and are now being operated by them under the orders and direction of the said court.

The possession and control of the railroad of the Winchester & Strasburg Railroad Company by the receivers cannot be disturbed, nor their operation of it interfered with, by any court other than that which appointed them. This is the established doctrine of both the State and Federal courts.

If the Winchester & Strasburg Railroad Company were required to construct its road from Strasburg Junction to the town of Strasburg as prayed for by the petitioner, this court would have no power to compel the receivers of the Baltimore & Ohio Railroad Company to run their trains over the extension; nor can it require them to make traffic arrangements with the Southern Railway Company so as to furnish the citizens of Strasburg with the railroad facilities which they desire. The receivers are amenable only to the orders of the court which appointed them. If, therefore, the road were extended

from Strasburg Junction to the town of Strasburg, no practical benefit would result therefrom to the citizens of the said town.

There is another equally cogent reason against granting the writ.  It appears from the testimony that it would cost from $30,000 to $40,000 to construct the desired extension.  It also appears that the Winchester & Strasburg Railroad Company has no property except its railroad, and is devoid of the means with which to make the extension, if it were required to do so.  Its only source of income is from the operation of its railroad by the said receivers, who, under the order of the court, are authorized to carry out the terms of the lease only so far as they can do so from the earnings of the road.  The earnings up to this time have been but little more than sufficient, after paying expenses and taxes, to pay a dividend of four per cent. on the 746 shares of the capital stock of the company held by persons other than the Baltimore & Ohio Railroad Company, it being the owner of the remainder (5,254) of the 6,000 shares of stock.  So it appears that, if ordered to make the desired extension and to construct its road to the town of Strasburg, the Winchester & Strasburg Railroad Company would be financially unable to obey, and the writ of *mandamus* would, on that account, prove ineffectual.

For the foregoing reasons the writ must be denied.

*Mandamus refused.*